IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

MOSHE ARYEH BERGER

JORGE TORRES AKA RABBI JBL

      v.

ORTHODOX UNION (OU)

FLORIDA K

RCF-RABBINATE OF CENTRAL
AND
NORTH FLORIDA

CHABAD-LUBAVITCH OF GREATER ORLANDO, INC.

ORLANDO TORAH ACADEMY, INC.

RABBI MOSHE ELEFANT

RABBI YOSEF KONIKOV

RABBI SHOLOM DUBOV

RABBI NISSAN ZIBELL

RABBI AVRAHAM WACHSMAN

                              Defendant.
_____/

5:22-CV-101-JSM-PRL
CASE NUMBER

**JURY TRIAL REQUESTED**

FILED 2022 FEB 22 PM 3:22
CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
OCALA FLORIDA

## COMPLAINT

PLEASE TAKE NOTICE Plaintiffs MOSHE ARYEH BERGER and JORGE TORRES AKA RABBI JBL, say by way of Verified Complaint against Defendants, ORTHODOX UNION (OU), FLORIDA K, RCF-RABBINATE OF CENTRAL AND NORTH FLORIDA, CHABAD-

LUBAVITCH OF GREATHER ORLANDO, INC., ORLANDO TORAH ACADEMY, INC., RABBI MOSHE ELEFANT RABBI SHOLOM DUBOV, RABBI YOSEF KONIKOV, RABBI NISSAN ZIBELL and RARRI AVRAHAM WACHSMAN as follows:

1. This civil anti-trust, defamation and discrimination action is brought by Plaintiff MOSHE ARYEH BERGER and JORGE TORRES AKA RABBI JBL (hereinafter referred to as "Plaintiff") who has suffered extensive damages, upon information and belief, as a result of Defendants, ORTHODOX UNION (OU), FLORIDA K, RCF-RABBINATE OF CENTRAL AND NORTH FLORIDA, CHABAD-LUBAVITCH OF GREATHER ORLANDO, INC., ORLANDO TORAH ACADEMY, INC., RABBI MOSHE ELEFANT RABBI SHOLOM DUBOV, RABBI YOSEF KONIKOV, RABBI NISSAN ZIBELL and AVRAHAM WACHSMAN, (hereinafter collectively referred to as the "Defendants") knowingly, willingly, voluntarily, and intentionally confederated to create monopoly, restraint interstate commerce and trade, delivered threats, forced the closure of business, created a mafia style enforcement vigilantes with the intentions of taking Plaintiffs out of business and or discourage Plaintiffs from opening businesses and gaining a livelihood and intentionally communicating and publishing, both orally and in writing that were made in the first instance between action Since on or about August 15th, 2021 and February 16th, 2022 and repeatedly recommunicated and republished by Defendants thereafter, to numerous third-parties within the relevant community, certain objectively false statements accusing JORGE TORRES of, *inter alia,* being a pedophile, a rapist, not being, Jewish, not keeping Kosher, not being a Rabbi and accusing Plaintiffs food business Kosher

Kebab House of not being a kosher organization, having lower standards of Kashrus and therefore being an unsafe establishment to patronize and refusing Plaintiffs the service of Kosher Supervision in order to prevent MEAT RESTAURANT competition against the main sole Kosher Meat Restaurant in Orlando "Kosher Grill" because of Plaintiff used of an out of state Kosher Certification Agency "Global Kosher L'mehadrin" Supervised by Rabbi Aaron Lankry of Monsey, NY, which is separate and apart from the Defendants' Hashgocha, and therefore the Defendants' have "discouraged the members of their community in the strongest terms" to avoid doing business with Plaintiffs and or avoid Plaintiff's establishment entirely because if the Defendants are not the ones checking the quality of the Kashrus (Kosher) "there will be consequences and inevitable decline in both standards and unity".

## THE PARTIES

2. Plaintiff, MOSHE ARYEH BERGER, is a citizen and resident of Monsey, New York., and a Jewish Investor belonging to the Square Orthodox Jewish Community of Rockland County, New York with several investment in Florida.

3. Plaintiff, JORGE TORRES AKA RABBI JBL, is a citizen and resident of Ocala, Florida., and an ordained Jewish Rabbi and Jewish Investor belonging to the Sephardic Jewish Community with several investment in Florida, Puerto Rico, New York and Honduras.

4. Upon information and belief, Defendant, ORTHODOX UNION, is a Non-for Profit Corporation who uses a non for profit status even though it charges a business fee as a regular business to certify kosher establishments and factories with its principal

place of business in the State of New York and which uses Chabad Lubavitch worldwide as their criminal Kosher Inspectors, kosher enforcers, and kosher harassers. The ORTHODOX UNION (OU) is the largest Kosher Certifying Agency in the world and uses other small agencies in order to create a false sense of competition and to bypass Federal and State Antitrust Laws.

5. Upon information and belief Defendant, FLORIDA K is a Non-For Profit Organization confederated to the Orthodox Union with its principle place of business in the State of Florida, Orange County.

6. Upon information and belief Defendant, RCF-RABBINATE OF CENTRAL AND NORTH FLORIDA is a Non-For Profit Organization confederated to the Orthodox Union and its one of its illegal criminal enforcers, with its principle place of business in the State of Florida, Orange County.

7. Upon information and belief Defendant, CHABAD-LUBAVITCH OF GREATER ORLANDO, INC., is a Non-For Profit Organization confederated to the Orthodox Union and its one of its illegal criminal enforcers, with its principle place of business in the State of Florida, Orange County.

8. Upon information and belief Defendant, ORLANDO TORAH ACADEMY, INC., is a Non-For Profit Organization confederated to the Orthodox Union, Chabad Lubavitch of Central Florida and its one of its illegal criminal enforcers, with its principle place of business in the State of Florida, Orange County., which uses their school as a leverage to get people and businesses to comply with the Orthodox Union, Chabad Lubavitch of Central Florida, Florida K, and the Rabbinate of Central and North Florida "RCF".

9. Upon information and belief Defendant, RABBI MOSHE ELEFANT is one of the principal agents of the Defendant Orthodox Union.

10. Upon information and belief Defendant, RABBI YOSEF KONIKOV is one of the principal agents of Defendants, RCF – RABBINATE OF CENTRAL AND NORTH FLORIDA, CHABAD LUBAVITCH OF GREATER ORLANDO, INC. and FLORIDA K.

11. Upon information and belief Defendant, RABBI SHOLOM DUBOV is one of the principal agents of Defendants, RCF – RABBINATE OF CENTRAL AND NORTH FLORIDA, CHABAD LUBAVITCH OF GREATER ORLANDO, INC. and FLORIDA K

12. Upon information and belief Defendant, RABBI NISSAN ZIBELL is one of the principal agents of Defendants, RCF – RABBINATE OF CENTRAL AND NORTH FLORIDA, CHABAD LUBAVITCH OF GREATER ORLANDO, INC. and FLORIDA K

13. Upon information and belief Defendant, RABBI AVRAHAM WACHSMAN is one of the principal agents of Defendants, ORLANDO TORAH ACADEMY, INC.

14. At all times relevant and hereinafter mentioned, Plaintiff JORGE TORRES and Defendants FLORIDA K, RABBI SHOLOM DUBOV had a working relationship, centered upon maintaining and overseeing the standards of kashrus kept at Plaintiff business AHAVAH COFFE.

## AS FOR A FIRST CAUSE OF ACTION
## DEFAMATORY INJURY TO REPUTATION

15. Until recently, the Defendants were the ONLY organization that existed within the community of Central Florida that could be used to supervise and certify businesses in the community as kosher; effectively maintaining a monopoly on the kosher consumer community.

16. Therefore, any new organizations would directly infringe upon and compete with what the Defendants strongly consider to be "their turf."

17. Likewise, due to the tremendous size of the Defendants' organizations and it's influence and reach within the community, they have maintained a strangle hold on the community for many years.

18. However, Global Kosher L'Mehadrin "GKL" is a newly formed kashrus agency founded by several well-respected and experienced rabbis with sterling public reputations and qualifications, one of who is the Chief Rabbi of Monsey, New York, and Chief Rabbi of the Republic of Honduras. The other, also steeped in learning, is a Rabbi Authorized by the Chief Rabbinate of Israel.

19. On or about August 15, 2021 after numerous threats made by the Defendants it was disseminated by them one of their first communications addressing the community of Central and South Florida actively discouraging members of the kosher consumer community in Central and South Florida from patronizing Plaintiffs' restaurant Kosher Kabab House and falsely informed these communities that Plaintiff JORGE TORRES AKA as RABBI JBL was a *inter alias* convicted child

molester, kidnapper, rapist when the truth is that Palintiff JORGE TORRES AKA as RABBI JBL has NEVER BEEN TRIED OR SENTENCED for these false allegations. The communication was followed by threats to the Plaintiffs' Restaurant the sending of harassers and the request made to ORLANDO TORAH ACADEMY, INC. to refrain from enrolling Plaintiffs' Children in that School.

20. The statements made by the Defendants gave little to no basis or reasoning for how or why it reached the decision that Plaintiffs' was unsafe and no following Kashrus standards and should therefore be avoided.

21. The only reasoning or explanation that the Defendants offered in their statements demanding that people avoid attending and patronizing the business of the Plaintiffs, were subjective opinionated statements, overtly false statements that were misleading and disproven, and self-serving standards for operation of a Kashrus organization, that the Defendants and the Defendants alone have deemed necessary for quality and integrity.

22. Specifically, the Defendants claims in its public statements: "We want to alert you to a new hashgacha recently formed by two Rabbonim in our commüñity known as Global Kosher L'Mehadrin. We have no ill feeling toward the Rabbonim who provide the hashgacha, but we must categorically and absolutely recommend to all of the members of our community that they avoid eating at the restaurants under that hashgocha -specifically Kosher Kabab House. Please be advised that one of the establishments is owned by the Rav Hamachshir's assistant, its not Jewish, a conflict of interest on its very face. In fact, each and every one of the establishments under this new hashgocha are owned by mispallelim of the Shul of the Rav

Hamachshir, which under our standards is in itself a cause for invalidation. This is not in line with the high levels of integrity and impartiality that is at the foundation of our community."

23. This statement is categorically false and misleading as it pertains to the Plaintiff and any of its employees.

24. Similarly this rationale is a fiction constructed and set forth by no governing agency or body that lays out objective standards and requirements for Kashrus professionals but rather is merely the arbitrary and subjective standards of the Defendants stated in a way to cast doubt upon the qualifications of the Plaintiff's Kosher certifications.

25. Furthermore, Kosher Kabab House adhered to a plethora of chumros, which will accommodate all customers, including the Sephardic community, which have certain chumros specific to them. Additionally, the provenance of the meats was also clearly listed, so that anyone can see and be aware of what they are eating.

26. On or about August 15th, 2021 the Defendants released multiple written statements across numerous platforms and mediums urging the members of their conummity NOT to patronize the two restaurants under new Hashgacha supervision solely because of their decision to get certified by the new Hashgocha.

27. In their statements, the Defendants emphatically and categorically ordered the members of the community to avoid the Plaintiff's business and used their influence and power to disparage the reputation and damage the Plaintiff business and forced the Plaintiffs to shut down operations by their antitrust actions.

28. The Defendants offered little to know reasoning outside of the fact that they themselves were not the ones doing kashrus certification.

29. Therefore, to insinuate or directly indicate allege that plaintiff restaurant is unsafe or likely using much lower and unsafe standards of kashrus certification is wholly untrue, damaging, and defamatory.

30. Due to the Defendants' enormous sphere of influence as rabbis in the local community and the United States, the Plaintiffs' business suffered tremendous loss in customer traffic and therefore sales decreased and the business has lost significant income forcing it to shut down as a result of Defendants' criminal actions.

31. Additionally, the Plaintiffs' have received messages from several local community members indicating that local Rabbis were pressuring individuals and businesses to cut all ties with Plaintiffs because of their challenge to their authority and for being certified with competition new Hashgocha.

32. Furthermore, a Plaintiffs' supplier Best Value Kosher that had previously organized an enormous volume of weekly deliveries for Plaintiffs from Miami and out of State for several months contacted Plaintiffs and indicated via text message that he had to stop doing the deliveries of Kosher Meats due to pressure from the Defendants who contacted their local Rabbi and pressured to cut ties with Plaintiffs.

33. Upon information and belief, the Defendants don't want competition, are afraid of the competition, and are trying to use their power to drive Plaintiffs -or attempt to- drive them out of business and forced them by the threats to leave the State of Florida.

## AS FOR SECOND CAUSE OF ACTION
## INFLICTION OF EMOTIONAL DISTRESS

34. Plaintiffs reallege the allegations contained in the Verified Complaint, as if fully set forth herein.

35. On or about October 2021 the Defendants released multiple written statements across numerous platforms and mediums including Wassap and other social media urging the members of their community and out of state visitors NOT to patronize the restaurant under new Hashgacha supervision solely because of their decision to get certified by the out of state Hashgocha.

36. In their statements, the Defendants emphatically and categorically ordered the members of the community to avoid the Plaintiffs business and used their influence and power to disparage the reputation and damage the Plaintiff business.

37. The Defendants offered little to know reasoning outside of the fact that they themselves were not the ones doing kashrus certifications and at one point the Plaintiffs requested the certification from the Defendants and it was refused even to considered it because of Plaintiff's JORGE TORRES AKA RABBI JBL status as a returnee to Judaism and his national and ethnic background.

38. Therefore, to insinuate or directly indicate allege that plaintiff restaurant is unsafe or likely using much lower and unsafe standards of kashrus certification is wholly untrue, damaging, and defamatory.

39. Due to the Defendants' enormous sphere of influence as rabbis in the local community, the Plaintiff's business has suffered tremendous loss in customer traffic and therefore sales have decreased and the business has lost significant income was

forced to shut down and Plaintiffs children were refused the enrollment at the ORLANDO TORAH ACADEMY, INC., based on the bias of Plaintiff's JORGE TORRES AKA RABBI JBL being a Sephardic jew descendant from Spain.

40. Upon information and belief, the Vaad and the Rabbis that run it, have made numerous false, damaging, and defamatory statements throughout the community, discrediting the quality and standards by which the Plaintiffs have been Kashrus certified simply because they use a new Hashgocha that has formed on Defendants' "turf." This has been done all while discouraging, pressuring, and outright forbidding the members of their community from actively engaging with or patronizing plaintiff business and is systematically causing the destruction of Plaintiffs reputation and livelihood.

WHEREFORE, Plaintiff respectfully demands judgment in its favor and against Defendants as follows:

(a) On the first cause of action, awarding judgment in the amount of Five Million Dollars and No Cents ($5,000,000.00) together with interest, attorneys fees, cost of suit, plus loss business profits from August 15th, 2021 to the present, plus lost business assets and any other relief as the court made been just and equitable; and

(b) On the second cause of action awarding judgment in the amount of Five Million Dollars and No Cents ($5,000,000.00) together with interest, attorneys fees, cost of suit, plus loss business profits from August 15th, 2021 to the present, plus lost business assets and any other relief as to the court made been just and equitable.

WHEREFORE, Plaintiffs MOSHE ARYEH BERGER and JORGE TORRES AKA RABBI JBL, respectfully demand judgment in its favor and against Defendants ORTHODOX UNION (OU), FLORIDA K, RCF-RABBINATE OF CENTRAL AND NORTH FLORIDA, CHABAD-LUBAVITCH OF GREATHER ORLANDO, INC., ORLANDO TORAH ACADEMY, INC., RABBI MOSHE ELEFANT, RABBI SHOLOM DUBOV, RABBI YOSEF KONIKOV, RABBI NISSAN ZIBELL and RABBI AVRAHAM WACHSMAN, on each cause of action, awarding judgment in an amount to be determined by the Court, plus punitive damages, plus attorney's fees, cost of suit and any other different and further relief as this Honorable Court may deem just, equitable and proper.

Dated: Ocala, Florida.
February 22, 2022

Respectfully submitted,

Jorge Anibal Torres Puello
P.O. Box 3371
Dunnellon, FL 34430-3371
352-229-0275
Jtorres19772@gmail.com

Moshe Aryeh Burger
P.O. Box 3371
Dunnellon, FL 34430-3371
646-269-5128
Kosherkabab@gmail.com

## VERIFICATION

STATE OF FLORIDA    )
                    ) ss.:
COUNTY OF MARION    )

MOSHE ARYEH BERGER and JORGE TORRES AKA RABBI JBL, being duly sworn, says: Deponent are the Plaintiffs in the within action; deponents has read the foregoing Summons and Verified Complaint and knows the contents thereof; the same is true of deponents' own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters deponents believes it to be true.

_/s/ Jorge Anibal Torres Puello_
Jorge Anibal Torres Puello
P.O. Box 3371
Dunnellon, FL 34430-3371
352-229-0275
Jtorres19772@gmail.com

_/s/ Moshe Aryeh Burger_
Moshe Aryeh Burger
P.O. Box 3371
Dunnellon, FL 34430-3371
646-269-5128
Kosherkabab@gmail.com

Sworn to (or affirm) and subscribed before me:

This 22nd day of February, 2022

_____
NOTARY PUBLIC

Jackelyne Torres Ramirez
NOTARY PUBLIC
STATE OF FLORIDA
Comm# GG951560
Expires 1/27/2024