# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MOSHE ARYEH BERGER,
JORGE TORRES a/k/a
RABBI JBL,

     Plaintiffs,

v.                                                      Case No. 5:22-cv-101-TJC-PRL

ORTHODOX UNION (OU), et al.,

     Defendants.

_____

# **O R D E R**

     This case is before the Court for review of its subject matter jurisdiction. Pro se plaintiffs filed this two-count civil complaint seeking $10,000,000 in damages, alleging that defendants defamed their reputations (Count One) and inflicted emotional distress (Count Two). See Doc. 1. Plaintiff Moshe Aryeh Berger alleges that he is a citizen of New York and plaintiff Jorge Torres alleges that he is a citizen of Florida. Although plaintiffs did not specifically allege the citizenship of any of the ten defendants (comprising both entities and individuals), based on the allegations, one of them is likely a citizen of New York (see Doc. 1 at ¶ 4 (alleging that a corporation's principal place of business is New York), and two of them are likely citizens of Florida (see Doc. 1 at ¶¶ 7 & 8 (alleging that the principal place of business for two incorporated defendants

is Florida).  See 28 U.S.C. §1332(c)(1) (explaining that for purposes of diversity jurisdiction, a corporation is deemed to be a citizen of every state where it is incorporated and where it has its principal place of business).

Federal courts are courts of limited jurisdiction and, even in the absence of a challenge, the Court has a duty to independently evaluate subject matter jurisdiction.  See, e.g., Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 409-10 (11th Cir. 1999).  A civil lawsuit based on state law claims may be filed in federal court if the alleged amount in controversy exceeds $75,000 (as here), but only if the plaintiffs are citizens of different states than every defendant.  There cannot be any overlap. Univ. of S. Ala., 168 F.3d at 412.  As plaintiffs bring only state law claims, the Court likely does not have subject matter jurisdiction to hear this case.[1]  The Court will give plaintiffs one opportunity to amend their complaint to properly invoke this Court's subject matter jurisdiction.  If they cannot, the case will be dismissed without prejudice to refiling in state court.  Accordingly, it is hereby

**ORDERED**:

No later than **March 18, 2022**, plaintiffs shall file an amended complaint. If plaintiffs either fail to file an amended complaint by the March 18, 2022

---

[1] Consistent with the allegations of their complaint, plaintiffs checked the box on the civil cover sheet indicating that they are invoking the Court's diversity jurisdiction.

2

deadline, or if their amended complaint fails to demonstrate a basis for the court to exercise subject matter jurisdiction, this case will be dismissed without prejudice without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 24th day of February, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Pro se plaintiffs