# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

MOSHE ARYEH BERGER,
JORGE TORRES a/k/a
RABBI JBL,

      Plaintiffs,

v.                                            Case No. 5:22-cv-101-TJC-PRL

ORTHODOX UNION (OU), et al.,

      Defendants.

## **O R D E R**

On February 24, 2022, the Court issued an order (Doc. 5) directing plaintiffs to file an amended complaint because their original complaint did not include any basis for the Court to exercise subject matter jurisdiction. Plaintiffs complied by filing an amended complaint which includes a civil RICO claim, which arises under 18 U.S.C. § 1964(c), thereby triggering the Court's federal question jurisdiction. While dubious that the claim has been pled with sufficient particularity to satisfy RICO's pleading requirements,[1] the Court will permit the case to go forward. Plaintiffs shall serve their amended complaint on defendants when serving process.[2]

---

[1] See, e.g., Ray v. Spirit Airlines, Inc., 836 F.3d 1340, 1348-58 (11th Cir. 2016) (discussing elements of civil RICO claim).

[2] Although finding the Court has subject matter jurisdiction, plaintiffs should not construe this to mean that the Court is finding that their amended

**DONE AND ORDERED** in Jacksonville, Florida this 23rd day of March, 2022.



TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:
Pro se plaintiffs

---

complaint would survive a motion to dismiss under Rule 12.  Indeed, the amended complaint still suffers various deficiencies, including bringing a Title VII claim without alleging any employment relationship (or, if plaintiffs were instead attempting to bring a claim under 42 U.S.C. § 2000a, alleging how they have been discriminated against with regard to a public accommodation), violating the Eleventh Circuit's prohibition against "shotgun pleadings" which improperly incorporate the allegations of every count into each successive count and which fail to specify which defendant undertook which act (see, e.g., Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F. 3d. 1313, 1320-23 (11th Cir. 2015)), and, as noted, likely failing to meet RICO's heightened pleading requirements.  Moreover, plaintiffs' complaint may be subject to dismissal if plaintiffs are, in essence, asking this civil court to resolve matters of religious doctrine.  See, e.g., Serbian E. Orthodox Diocese for the U.S. of Am. & Canada v. Milivojevich, 426 U.S. 696, 708-10 (1976).

At their option, and no later than **April 12, 2022**, plaintiffs may attempt to cure these and any other deficiencies by filing a second amended complaint before serving defendants.